UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTIN R. SHOTT,<br><br>   Plaintiff,<br><br>   v.<br><br>RAY MABUS, in his official capacity as Secretary of the Navy,<br><br>   Defendant. | Civil No.   10-CV-368-BTM (BGS)<br><br>**CASE MANAGEMENT CONFERENCE ORDER REGULATING DISCOVERY AND OTHER PRETRIAL PROCEEDINGS**<br>  **(Fed. R. Civ. P. 16)**<br>  **(Local Rule 16.1)**<br>  **(Fed. R. Civ. P. 26)** |

   Pursuant to Rule 16 of the Federal Rules of Civil Procedure, a Case Management Conference was held on August 12, 2010.  After consulting with the attorneys of record for the parties and being advised of the status of the case, and good cause appearing, IT IS HEREBY ORDERED:

   1.   Any motion to join other parties, to amend the pleadings, or to file additional pleadings shall be filed on or before **September 13, 2010**.

   2.   All **fact** discovery shall be completed on or before **December 13, 2010.**  *"Completed"* means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45 must be initiated a sufficient period of time in advance of the cut-off date, so *that it may be completed* by the cut-off date, taking into account the times for services, notice, and response as set forth in the Federal Rules of Civil Procedure.  The Court expects counsel to make every effort to resolve all disputes without court intervention.  All discovery motions must be filed within 30 days of the service of an objection, answer or response which becomes the subject of dispute or the passage of a discovery due date without response or production, and only after counsel have extensively

met and conferred and have reached impasse with regard to the particular issue.  Discovery motions must be filed as a "Joint Motion for Determination of Discovery Dispute" (see Judge Skomal's Rules on Discovery Disputes available on the Court's website).

3. On or before **December 27, 2010**, all parties shall exchange with all other parties a list of all expert witnesses expected to be called at trial pursuant to Fed. R. Civ. P. 26(a)(2)(A).  The list shall include the name, address, and phone number of the expert and a brief statement identifying the subject areas as to which the expert is expected to testify.  The list shall also include the normal rates the expert charges for deposition and trial testimony.  On or before **January 10, 2011**, any party may supplement its designation in response to any other party's designation so long as that party has not previously retained an expert to testify on that subject.

4. Each expert witness designated by a party shall prepare a written report to be provided to all other parties **no later than February 3, 2011**, containing the information required by Fed. R. Civ. P. 26(a)(2)(B).

**Except as provided in the paragraph below, any party that fails to make these disclosures shall <u>not</u>, absent substantial justification, be permitted to use evidence or testimony not disclosed at any hearing or at the time of trial.  In addition, the Court may impose sanctions as permitted by Fed. R. Civ. P.  37(c).**

5. Any party, through any expert designated, shall in accordance with Fed. R. Civ. P. 26(a)(2)(C) and Fed. R. Civ. P. 26(e), supplement any of its expert reports regarding evidence intended solely to contradict or rebut evidence on the same subject matter identified in an expert report submitted by another party.  Any such supplemental reports are due on or before **February 17, 2011**.

6. All <u>**expert**</u> discovery, shall be completed on or before **March 18, 2011**.  Counsel shall refer to paragraph 2 above for an explanation of "completed," and Chambers' Rules for handling discovery disputes.

7. All motions, other than motions to amend or join parties, or motions in limine, shall be **<u>FILED</u>** on or before **April 18, 2011**.

Please be advised that counsel for the moving party must obtain a motion hearing date from the law clerk of the judge who will hear the motion.  Be further advised that the period of time between the

date you request a motion date and the hearing date may vary from one judge to another.  Please plan accordingly.  For example, you may need to contact the judge's law clerk in advance of the motion cut-off to assess the availability of the Court's calendar.  **Failure of counsel to timely request a motion date may result in the motion not being heard.**

      8.     Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five (25) pages in length without permission of the judge or magistrate judge who will hear the motion.  No reply memorandum shall exceed ten (10) pages without leave of the judge or magistrate judge who will hear the motion.

      9.     A Mandatory Settlement Conference shall be conducted on **January 21, 2011, at 2:00 p.m.** in the chambers of Magistrate Judge Bernard G. Skomal[1].  Counsel shall submit **confidential** settlement statements **directly to chambers** by courier or may e-mail statements to **efile_Skomal@casd.uscourts.gov** no later than **January 13, 2011**.  Each party's settlement statement shall set forth the party's statement of the case, identify controlling legal issues, concisely set out issues of liability and damages, and shall set forth the party's settlement position, including the last offer or demand made by that party, and a separate statement of the offer or demand the party is prepared to make at the settlement conference.  **Settlement conference briefs shall not be filed with the Clerk of the Court, nor shall they be served on opposing counsel.**

      10.    Pursuant to Local Civil Rule 16.3, all party representatives and claims adjusters for insured defendants with full and unlimited authority[2] to negotiate and enter into a binding settlement, as well as the principal attorney(s) responsible for the litigation, must be present and legally and factually prepared to discuss and resolve the case at the mandatory settlement conference.  Retained outside

---

[1] The Court welcomes the parties to request additional settlement conferences at any stage in the litigation.  The parties may request a settlement conference by jointly calling chambers or by filing a Joint Motion.

[2] "Full authority to settle" means that the individuals at the settlement conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties.  Heileman Brewing Co., Inc. v. Joseph Oat Corp., 871 F.2d 648 (7th Cir. 1989).  The person needs to have "unfettered discretion and authority" to change the settlement position of a party.  Pitman v. Brinker Intl., Inc., 216 F.R.D. 481, 485-486 (D. Ariz. 2003).  The purpose of requiring a person with unlimited settlement authority to attend the conference includes that the person's view of the case may be altered during the face to face conference.  Id. at 486.  A limited or a sum certain of authority is not adequate.  Nick v. Morgan's Foods, Inc., 270 F.3d 590 (8th Cir. 2001).

corporate counsel <u>shall not</u> appear on behalf of a corporation as the party who has the authority to negotiate and enter into a settlement. Failure to attend the conference or obtain proper excuse will be considered grounds for sanctions.

11.     Despite the requirement of Local Rule 16.1(f)(2), Parties or their counsel are not required in this matter to serve on each other and file with the Clerk of the Court their Memoranda of Contentions of Fact and Law.

12.     All parties or their counsel shall also fully comply with the Pretrial Disclosure requirements of Fed. R. Civ. P. 26(a)(3) on or before **July 18, 2011**. **Failure to comply with these disclosures requirements could result in evidence preclusion or other sanctions under Fed. R. Civ. P. 37.**

13.     Counsel shall meet together and take the action required by Local Rule 16.1(f)(4) on or **before July 26, 2011**. At this meeting, counsel shall discuss and attempt to enter into stipulations and agreements resulting in simplification of the triable issues. Counsel shall exchange copies and/or display all exhibits other than those to be used for impeachment. The exhibits shall be prepared in accordance with Local Rule 16.1(f)(4)(c). Counsel shall note any objections they have to any other parties' Pretrial Disclosures under Fed. R. Civ. P. 26(a)(3). Counsel shall cooperate in the preparation of the proposed pretrial conference order. Counsel for the plaintiff has the duty of arranging for meetings of counsel and for preparation of the Pretrial Order mandated by Civil Local Rule 16.1(f)(6)(c).

14.     Counsel for plaintiff will be responsible for preparing the pretrial order and arranging the meetings of counsel pursuant to Civil Local Rule 16.1(f). On or before **August 2, 2011**, plaintiff's counsel must provide opposing counsel with the proposed pretrial order for review and approval. Opposing counsel must communicate promptly with plaintiff's attorney concerning any objections to form or content of the pretrial order, and both parties should attempt promptly to resolve their differences, if any, concerning the order.

15.     The proposed final pretrial conference order, including objections counsel have to any other parties' Fed. R. Civ. P. 26(a)(3) Pretrial Disclosures, shall be prepared, served and lodged with the district judge's chambers on or before **August 9, 2011**, and shall be in the form prescribed in and in

compliance with Local Rule 16.1 (f)(6).  Counsel shall also bring a court copy of the pretrial order to the pretrial conference.

16. The final pretrial conference shall be held before the **Honorable Barry T. Moskowitz**, United States District Court Judge, on **August 16, 2011**, at **3:00 p.m.**

17. The trial date for this matter will be assigned at the final pretrial conference.

18. **The dates and times set forth herein will not be modified except for good cause shown.**  Fed. R. Civ. P. 16(b)(4).  **Counsel are reminded of their duty of diligence and that they must "take all steps necessary to bring an action to readiness for trial."**  Civil Local Rule 16.1(b).  Any requests for extensions must be made by filing a Joint Motion.  The motion shall include a declaration from counsel of record detailing the steps taken to comply with the dates and deadlines set in this order, and the specific reasons why deadlines cannot be met.  **Failure to act with due diligence may lead to the imposition of appropriate sanctions.**

19. Plaintiff's counsel shall serve a copy of this order on all parties that enter this case hereafter.

DATE: August 12, 2010

_____
**BERNARD G. SKOMAL**
United States Magistrate Judge