1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10

11 | KRISTIN R. SHOTT,

Case No. 10cv368 BTM (BGS)

12 |                                    Plaintiff,

**ORDER SUSTAINING IN PART AND OVERRULING IN PART OBJECTION TO MAGISTRATE JUDGE'S ORDER**

13 |      v.

14 | RAY MABUS,

15 |                                    Defendant.

Plaintiff has objected to an order of the magistrate judge regulating discovery [Doc.

16

10]. For the following reasons, the Court **SUSTAINS in part** and **OVERRULES in part** the

17

objection.

18

In an order dated June 25, 2010, which followed an early neutral evaluation

19

conference, the magistrate judge ordered as follows:

20

21      4.      A Joint Discovery Plan shall be lodged with Magistrate Judge Skomal
. . . . The plan must be one document and must explicitly cover the parties
views and proposal for each item identified in Fed. R. Civ. P. 26(f)(3). In

22      addition, Judge Skomal requires the discovery plan to identify:

23              i       By name and/or title all witnesses that counsel plans to depose
in the case and a brief explanation as to *why counsel wants to depose*

24      *the witness*. If counsel do not agree to the deposition of a specific
witness, counsel must explain the legal basis for the objection;

25

26              ii      Specific documents or categories of documents that counsel
wants produced during discovery. If counsel disagree about the
production of documents or categories of documents, all parties must

27      fully explain the specific and valid legal basis for their respective
position. Follow the format for discovery disputes as outlined in the

28      Chambers' Rules;

1   (emphasis added).

2       A party may appeal to the district court any pretrial non-dispositive matter ruled on by

3   a magistrate judge.  28 U.S.C. § 636(b)(1)(A).  The magistrate judge's order is subject to the

4   "clearly erroneous or contrary to the law" standard of review.  Fed. R. Civ. P. 72(a).

5       Plaintiff objects to both 4(i) and 4(ii) on several grounds.  Regarding 4(i), Plaintiff first

6   argues that because the order requires her counsel to name "all witnesses that counsel plans

7   to depose," it impinges on her ability to take ten depositions without leave of the Court under

8   Federal Rule of Civil Procedure 30(a)(1).  But Plaintiff may comply with the order and simply

9   reserve the right to name more deponents later.  The parties may also reserve the right to

10  make future objections to the depositions if they learn new information which provides a

11  basis for doing so.

12      Plaintiff also argues that requiring disclosure of all the witnesses Plaintiff plans to

13  depose violates the work-product doctrine because it could divulge his strategy and alert the

14  opposing side to which witnesses Plaintiff believes are important.  In addition, Plaintiff objects

15  to the order because it requires explaining "why counsel wants to depose the witness."

16  These two requirements—listing every deponent and explaining why counsel wants to

17  depose them—could expose attorney work product and strategy.  "At its core, the work-

18  product doctrine shelters the mental process of the attorney, providing a privileged area

19  within which he can analyze and prepare his client's case."  *United States v. Fort*, 472 F.3d

20  1106, 1116 (9th Cir. 2007) (quoting *United States v. Nobles*, 422 U.S. 225, 238–39 (1975)).

21  Requiring the attorneys to disclose all the intended deponents divulges early on which

22  witnesses they believe are important.  And requiring the attorneys to explain why they want

23  to depose the witness could expose the attorneys' strategy and mental process, which are

24  protected from disclosure by the work-product doctrine.  *See id.*

25      The Court therefore **SUSTAINS** the objection to section 4(i) of the magistrate judge's

26  order.

27      Regarding the other part of the order, which requires the parties to identify "[s]pecific

28  documents or categories of documents that counsel wants produced," Plaintiff again argues

1  that it may limit her ability to make later document requests and exposes her counsel's

2  strategy.  But the parties may simply reserve the right to make additional document requests.

3  The same is true of any objections the parties might have; they may reserve the right to

4  make additional objections if they later discover a basis for making them.

5       Plaintiff also argues that the order requires her counsel to expose work product.  The

6  Court disagrees.  Listing documents and categories of documents that the parties want to

7  obtain during discovery exposes nothing that would not already be exposed.  The counsel

8  can simply list "categories of documents" they want produced, which does not require the

9  disclosure of work product.  That information will be disclosed in making the document

10  requests, so requiring earlier disclosure to the magistrate judge would have no prejudicial

11  effect.

12      For these reasons, the Court **SUSTAINS in part** and **OVERRULES in part** Plaintiff's

13  objection [Doc. 10].

14  **IT IS SO ORDERED.**

15  DATED:  August 23, 2010

16

17                                          Honorable Barry Ted Moskowitz
                                            United States District Judge

18

19

20

21

22

23

24

25

26

27

28